UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL SANTIESTEBAN MATOS,

Petitioner,

v. Case No.: 2:26-cv-02334-SPC-NPM

DAVID HARDIN *et al.*,

Respondents,
_________________________________/

**OPINION AND ORDER**

Before the Court are Miguel Santiesteban Matos's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Santiesteban Matos is a native and citizen of Cuba who entered the United States on March 16, 2022, and encountered U.S. Customs and Border Patrol. Officials served Santiesteban Matos with a notice to appear and released him under an order of recognizance. Santiesteban Matos complied with all terms of release and applied for asylum and adjustment of status. He has no criminal history. On December 8, 2025, Florida Border Patrol arrested Santiesteban Matos and turned him over to Immigration and Customs Enforcement. On February 6, 2026, an immigration judge ordered Santiesteban Matos removed to Ecuador. Santiesteban Matos appealed the removal order, so it is not administratively final.

Santiesteban Matos has filed two prior habeas petitions. The Court granted the first and ordered the government to bring Santiesteban Matos before an immigration judge for a bond hearing. Immigration Judge Stuart Siegel denied bond with this explanation:

> Respondent has not met his burden in establishing that Respondent is a suitable bail risk based on Respondent being under an Order of Removal (which is on appeal). see Matter of Guerra.

(Doc. 5-1 at 18). Santiesteban Matos appealed the bond decision and filed a second habeas petition challenging its result. The Court denied the petition because it does not have jurisdiction to review an immigration judge's discretionary bond decision. *See* 8 U.S.C. § 1226(e).

Santiesteban Matos argues his continued, prolonged detention violates the Due Process Clause of the Fifth Amendment. In response, the government first argues 8 U.S.C. § 1252(g) strips the Court of jurisdiction over Santiesteban Matos's claim. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision

or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The government's jurisdictional argument was perhaps reasonable a year ago, when courts and the legal community were grappling with novel issues presented by the government's new approach to immigration enforcement. But the dust has settled on this issue. This Court and others have repeatedly explained why § 1252(g) does not strip district courts of jurisdiction over habeas challenges to the legality of immigration detention. *See*, *e.g.*, *Acosta de Mata v. Sullivan*, 832 F. Supp. 3d 1338, 1346-49 (N.D. Ga. 2026) (collecting cases from across the country). In short, Santiesteban Matos is not challenging any of the three discrete actions covered by § 1252(g). The government's § 1252(g) argument is frivolous. *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022) ("A legal claim is frivolous when it has no reasonable chance of succeeding.").

Next, the government again raises § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

§ 1226(e) barred Santiesteban Matos's second habeas claim, which challenged the results of his bond hearing, but it does not apply here. Santiesteban Matos raises a bona fide due process claim challenging the constitutionality of his current, prolonged detention. § 1226(e) does not strip the Court of jurisdiction to consider bona fide constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510 (2003).

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private

interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Santiesteban Matos's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Santiesteban Matos's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Santiesteban Matos's detention now exceeds seven months and could continue

indefinitely—the record contains no timetable for a decision from the Board of Immigration Appeals—raises new constitutional concerns. But under the status quo, Santiesteban Matos has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Santiesteban Matos without presenting a justification. Remember: Judge Siegel put the burden on Santiesteban Matos to prove he is not a flight risk or danger to the community. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Santiesteban Matos before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and

the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Santiesteban Matos receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Miguel Santiesteban Matos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Santiesteban Matos for an individualized bond hearing before an immigration judge or (2) release Santiesteban Matos under reasonable conditions of supervision. If the respondents release Santiesteban Matos, they must give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida, on September 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record