UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL SANTIESTEBAN MATOS,

Petitioner,

v. Case No.: 2:26-cv-02334-SPC-NPM

DAVID HARDIN *et al.*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are Miguel Santiesteban Matos's Motion Challenging Noncompliant Bond Hearing and Requesting an Immediate Release (Doc. 10) and the government's response (Doc. 12).

Santiesteban Matos is a noncitizen in immigration detention. On September 14, 2026, the Court granted his habeas petition and ordered the government to either (1) bring him before an immigration judge for a bond hearing with certain guardrails or (2) release him from custody. On September 24, 2026, an immigration judge found him to be a flight risk and denied release on bond. Santiesteban Matos argues the bond hearing did not comply with the Court's habeas order and asks the Court to order his release. But the circumstances have materially changed. On September 23, 2026, the Board of Immigration Appeals dismissed Santiesteban Matos's challenge to his removal

order, making the order administratively final. As a result, Santiesteban Matos is now subject to 8 U.S.C. § 1231.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 180-day period commenced on September 23, 2026, when the BIA dismissed Santiesteban Matos's appeal of his removal order. Thus, his detention is presumptively reasonable until March 22, 2027. If Santiesteban Matos remains detained after that date, he can file a new habeas action under *Zadvydas*. But at the moment, his detention is lawful. Accordingly, Miguel Santiesteban Matos's Motion Challenging Noncompliant Bond Hearing and Requesting an Immediate Release (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 16, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies: All Parties or Record